UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN ESPINOSA, *Plaintiff*, v. CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,[1] *Defendant.* | Civil Action No. 12-1348 (ESH) |

## MEMORANDUM OPINION

Plaintiff Kevin Espinosa filed suit under the Social Security Act, 42 U.S.C. § 405(g), seeking reversal of the Social Security Administration's ("SSA") denial of his claims for disability benefits and supplemental security income benefits. This Court granted his motion for reversal of judgment, and remanded the case to the SSA for the award of benefits. *See Espinosa v. Astrue*, No. 12-1348, 2013 WL 3324340 (D.D.C. July 2, 2013). The SSA has now asked the Court to enter an amended order remanding the case for further administrative proceedings. (Motion to Alter or Amend Judgment, July 29, 2013 [ECF No. 15] ("Mot.").) For the reasons stated below, defendant's motion will be denied.

## BACKGROUND

The relevant factual background was laid out in this Court's previous ruling. *See Espinosa*, 2013 WL 3324340, at *1-4. In that opinion, the Court reversed the decision of the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the Court will automatically substitute that officer's successor. Accordingly, the Court substitutes Carolyn W. Colvin for Michael J. Astrue.

1

Administrative Law Judge ("ALJ") on two grounds. First, the Court held that the ALJ erred by rejecting the opinion of plaintiff's treating physician, Dr. Don Miller. *See id.*, at *6. The Court concluded not only that the ALJ failed to provide an adequate explanation for why he discredited Dr. Miller's testimony, but also that the ALJ "incorrectly determined that Dr. Miller's opinion was not supported by other substantial evidence in the record." *Id.* Because the Court concluded that the treating physician's testimony was supported by the other substantial evidence in the record, the ALJ should have given it "controlling weight" pursuant to 20 C.F.R. § 404.1527(c)(2). The Court then went on to conclude that if the ALJ had given Dr. Miller's testimony the appropriate weight, "he would have concluded there was substantial evidence to show that plaintiff had met listings 12.04 (affective disorders) and 12.06 (anxiety related disorders), and he would have found plaintiff disabled at step three" of the evaluation process. *Id.*, at *7.

Second, the Court concluded that the ALJ improperly disregarded the testimony of the vocational expert. *Id.*, at *8-9. Specifically, the Court noted that the hypothetical question posed to the expert was premised on facts from Dr. Miller's testimony, and so if the ALJ had appropriately credited Dr. Miller's testimony, he would have had to accept the vocational expert's response to the hypothetical as true. *Id.*, at *9. In that case, the ALJ should have found that "plaintiff would not be able to find a job that exists in the economy." *Id.*

After determining that the ALJ erred in these two ways, the Court concluded that a remand for further proceedings would only "impose an unnecessary delay on plaintiff's application" because the Court had already determined that, absent those errors, the ALJ would have found plaintiff to be disabled and entitled to benefits. *Id.* Thus, the Court remanded solely for the award of benefits. *Id.*

Defendant now seeks to amend the Court's Order, arguing that, "[r]ather than remanding for the payment of benefits . . . , this Court should remand this case for further proceedings." (Mot. at 1.)

## ANALYSIS

### I. STANDARD OF REVIEW

Defendant has moved to alter or amend this Court's order under Rule 59(e). Fed. R. Civ. P. 59(e). A Rule 59(e) motion to reconsider "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted)). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). "A Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### II. RECONSIDERATION

Defendant's primary argument is that this Court exceeded the scope of its authority by "assigning its own weight" to Dr. Miller's opinion and "making its own findings of fact" that plaintiff was disabled under Listings 12.04 and 12.06. (Mot. at 3.)

As stated in this Court's previous opinion, the D.C. Circuit's "treating physician rule" provides that "a treating physician's report is *binding* on the fact-finder unless contradicted by substantial evidence." *Espinosa*, 2013 WL 3324340, at *5 (emphasis added) (quoting *Butler v.*

3

*Barnhart*, 353 F.3d 992, 1003 (D.C. Cir. 2004)). Here, the ALJ determined that Dr. Miller's opinion was not supported by other substantial evidence in the record, and therefore did not give it controlling weight. *Id.*, at *6 (citing Administrative Record, Oct. 26, 2012 [ECF No. 6] at 18). This Court found two failings in that determination. First, the Court held that the ALJ had failed to adequately explain how he arrived at that conclusion. *Id.* Second, the Court held that the ALJ's determination was substantively incorrect because Dr. Miller's opinion was indeed "supported by substantial evidence." *Id.* In such a case, the treating physician's opinion is "binding" on the ALJ, who has no choice but to give the treating physician's opinion controlling weight. *See Butler*, 353 F.3d at 1003; 20 C.F.R. § 404.1527(c)(2) (stating that when "a treating [physician]'s opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [plaintiff's] case record, [SSA] will give it controlling weight"). Thus, the Court did not "usurp[] the Commissioner's role as the fact-finder in this case" by concluding that Dr. Miller's testimony was entitled to controlling weight, as defendant suggests (Mot. at 5); the Court merely determined that Dr. Miller's testimony was supported by substantial evidence, a conclusion that requires the ALJ to give his opinion controlling weight.

Moreover, as the Court explained, once Dr. Miller's opinion is given its appropriate weight there can be no actual debate that plaintiff meets Listings 12.04 and 12.06 and should therefore have been found disabled at Step 3. *See Espinosa*, 2013 WL 3324340, at *6-8. Defendant suggests that the Court erroneously based this holding solely on the opinion of Dr. Miller, and "did not account for other evidence in the record" that would need to be weighed by the ALJ on remand. (*See* Reply in Support of Defendant's Motion to Alter or Amend Judgment, Aug. 19, 2013 [ECF No. 18] ("Reply") at 4.) That is incorrect. In its opinion, this Court

4

acknowledged that several of plaintiff's examining physicians "noted periods of improving and worsening conditions" and that there were "slight differences among the doctors." *Espinosa*, 2013 WL 3324340, at *6. However, the Court concluded that those variations were "not significant," and that on the whole, "Dr. Miller's opinion is consistent with opinions of other doctors who saw plaintiff." *Id.* That is precisely the question federal courts are called upon to answer when determining whether an ALJ properly applied the "treating physician rule." Thus, defendant's suggestion that the ALJ must be permitted to determine how the allegedly contradictory evidence "can be reconciled (*or not*) with Dr. Miller's opinion" (Reply at 4 (emphasis added)), is flatly wrong, as this Court has already determined that the other evidence in the record *can* indeed be so reconciled.

This Court is mindful of the admonition that a district court "'is not permitted to reweigh the evidence and reach its own determination,' and must confine its review to the determination of whether the decision is supported by substantial evidence." *Hawkins v. Massanari*, No. 00-2102, 2002 WL 379898, at *3 (D.D.C. Mar. 8, 2002) (quoting *Maynor v. Heckler*, 597 F. Supp. 457, 460 (D.D.C. 1984)). However, the Court's ruling does not run afoul of that principle because in this case, the ALJ's decision that plaintiff was not disabled simply cannot be said to be supported by substantial evidence in light of Dr. Miller's testimony.

Given the certainty in the record as to plaintiff's disability, the Court did not err in remanding solely for an award of benefits, rather than for further administrative proceedings. Indeed, courts in this circuit have awarded benefits based on very similar facts. *See, e.g.*, *Martin v. Apfel*, 118 F. Supp. 2d 9, 18 (D.D.C. 2000) (remanding for benefits where ALJ's "ultimate conclusion that [plaintiff] was not disabled was not based on substantial evidence" but instead was "arrived at by irrationally disregarding highly probative evidence," including the opinions of

5

the two most reliable examining physicians); *Lockard v. Apfel*, 175 F. Supp. 2d 28, 33-34 (D.D.C. 2001) (ordering award of benefits based on ALJ's "cavalier disregard of the treating physician's diagnosis in the hypothetical he posed and in his overall analysis of the evidence," because "if the ALJ properly accepts the vocational expert's response to counsel's accurate description of plaintiff's impairments, it would be virtually impossible for him to find against plaintiff upon remand"). As in *Lockard*, if the ALJ here properly accepts Dr. Miller's testimony, it would be virtually impossible for him to find that plaintiff does not meet listings 12.04 and 12.06 on remand.[2]

Moreover, this is not a situation where "there is additional evidence which can be produced to remedy defects in the original administrative hearing." *Martin*, 118 F. Supp. 2d at 18. It is therefore different from *Sloan v. Astrue*, 538 F. Supp. 2d 152 (D.D.C. 2008), where the Court found that remand was appropriate because the ALJ had asked the vocational expert a defective hypothetical question, and there was no way to know how the vocational expert would have answered a proper hypothetical. *See id.* at 156. To the contrary, here, "the administrative record has been fully developed and new facts would not be explored on remand." *Lockard*, 175 F. Supp. 2d at 34. Where, as here, "the evidence on the record as a whole is clearly indicative of disability and additional hearings would serve no purpose other than to delay the inevitable

---

[2] It is true that one reason given why courts should remand cases for further proceedings is if "the court cannot determine the ALJ's rationale . . . without further findings or clearer explanation for the decision." *Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 111 (D.D.C. 2010) (internal quotation marks omitted). Here, although it is true that the ALJ failed to adequately explain his reason for discounting Dr. Miller's testimony, the reasoning behind his ultimate decision is quite clear: his finding of no disability was based on the other evidence in the record besides Dr. Miller's testimony. Because this Court has found that the record as a whole—when Dr. Miller's testimony is given its appropriate weight—requires a finding of disability, there is no need to remand for a "clearer explanation" for the ALJ's decision. Indeed, this case is no different than *Lockard*, where the Court noted that the ALJ, "*without explanation*, disregarded the treating physician's assessment of plaintiff's neurological and psychiatric symptoms," and remanded for an award of benefits. 175 F. Supp. 2d at 33 (emphasis added).

receipt of benefits," an immediate award of benefits is appropriate. *Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 111 (D.D.C. 2010) (quoting *Hawkins*, 2002 WL 379898, at *4. This is particularly true in a case such as this one, where plaintiff's application has already been pending for over four years. The Court therefore concludes that it did not commit "clear error" in remanding for an award of benefits, and declines to alter or amend its judgment. Moreover, for the same reasons, even if this Court did err, any error was harmless, as the award of benefits would be inevitable in this case.

Because the Court finds that remand for an award of benefits was appropriate based solely on its determination that the ALJ improperly weighted the treating physician's testimony, the Court need not consider defendant's other argument that it erred in rejecting the ALJ's conclusion that plaintiff was not disabled at step five of the sequential evaluation process. (*See* Mot. at 6-7.) However, the Court notes that its decision is entirely consistent with the ruling in *Lockard*, where the Court held that the ALJ had erred in posing a hypothetical to the vocational expert that disregarded the treating physician's testimony, and remanded for a direct award of benefits. 175 F. Supp. 2d at 33-34.

## CONCLUSION

For the foregoing reasons, defendant's motion to alter or amend the judgment is denied. A separate Order accompanies this Memorandum Opinion.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

DATE: August 22, 2013